**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| JOSHUA E. WILLIAMS,              )<br>                                                    )<br>              Petitioner,           )<br>v.                                               )     No. 2:09-cv-341-WTL-TAB<br>                                                    )<br>SUPERINTENDENT BRUCE LEMMONS, )<br>                                                    )<br>              Respondent.          ) | |

**Entry Discussing Petition for Writ of Habeas Corpus**

    A federal court may issue a writ of habeas corpus pursuant to 28 U.S.C. § 2254(a) only if it finds the applicant "is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* Because habeas petitioner Joshua Williams has failed to show that this is the case with respect to the disciplinary proceeding challenged in this case, his petition for a writ of habeas corpus must be **denied and this action dismissed.**

**Discussion**

    In a disciplinary proceeding identified as No. WVS 09-06-0015, Williams was found guilty of violating prison rules at the Wabash Valley Correctional Facility, an Indiana prison, by committing "assault on staff resulting in bodily injury." Construing the evidence in a manner most favorable to the decision of the hearing officer, shortly before noon on June 21, 2009, Williams was being escorted from the showers to his cell at the Wabash Valley Correctional Facility, Williams initiated and persisted in a struggle with the reporting officer and with an officer assisting the reporting officer. During this incident, Williams pulled the assisting officer into the cuffport of the door to Williams' cell, and it was this act that caused injury to the assisting officer. Contending that the proceeding was constitutionally infirm, Williams seeks a writ of habeas corpus.

    Indiana state prisoners have a liberty interest in their good-time credits and therefore are entitled to due process before the state may revoke them. *Wolff v. McDonnell,* 418 U.S. 539, 557 (1974); *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004). The right to due process in this setting is important and is well-defined. Due process requires the issuance

of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *See Superintend., Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 564, 566, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

"The best way to conduct analysis under § 2254 is to assume that the state wants to act exactly as its officers . . . have done, and then ask whether the federal Constitution countermands that decision." *Hill v. Wilson,* 519 F.3d 366, 370 (7th Cir. 2008) (citing cases). Under *Wolff* and *Hill,* Williams received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition: (1) Williams was given the opportunity to appear before the hearing officer and make both an oral and a written statement concerning the charge–though because of his disruptive behavior at the hearing Williams was removed from it before it was concluded; (2) the hearing officer issued a sufficient statement of its findings; and (3) the hearing officer issued a written reason for the decision and for the sanctions which were imposed.

Williams' claims that he was denied the protections afforded by *Wolff* are refuted by the expanded record. First, Williams was not denied an impartial hearing officer. Second, Williams was permitted to present his explanation or his account of the incident; he did so first through a written statement and did so secondly at the hearing before his removal pursuant to prison policy. Third, written statements from offenders Mahone and Tillman, whose testimony Williams had requested, were obtained by staff and were considered by the hearing officer. Finally, although Williams' request that a video of the incident be produced and considered was not honored, this was because equipment malfunction on the date of the incident resulted in no video having been created. "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Williams to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 03/08/2010

*[signature: William T. Lawrence]*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana